IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Melissa Kulik,

        Plaintiff,

vs.

George Gilson, M.D.,
Neil J. Murphy, M.D.,
Benjamin Garnett, M.D.,
Healthcare providers G,
I. Anderson, Gail Surrena,
D. Gilberm, CNM, Bonnie Jean
Bishop Stark, CNM, B, BB,
VH, T. Lees, RN, Bethany
Berry, R. Chhong, and
Nola Wernofsky,

        Defendants.

Case No. 3AN-13-9613 CI

## COMPLAINT

COMES Plaintiff Melissa Kulik, through counsel, Dillon & Findley, P.C., and for her respective causes of action, alleges as follows:

1. Plaintiff Melissa Kulik was during all relevant times herein, a resident of Anchorage, Alaska.

2. Defendant George Gilson, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

3.  Defendant Neil J. Murphy, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

4.  Defendant Benjamin Garnett, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

5.  Healthcare providers G,[1] I. Anderson,[2] Gail Surrena,[3] D. Gilberm, CNM, Bonnie Jean Bishop Stark, CNM, B,[4] BB,[5] VH,[6] T. Lees, RN, Bethany Berry, R. Chhong,[7] and Nola Wernofsky upon information and belief provided medical care at the Alaska Native Medical Center ("ANMC") at the relevant times alleged herein.

---

[1] For the individuals whose identity is illegible, Bates stamped copies of the medical records are attached hereto as Exhibit A. See D&F CLT 027, 028.

[2] D&F CLT 027.

[3] D&F CLT 028, 036, 038, 039, 048, 052.

[4] D&F CLT 036, 038, 039, 041, 048, 052.

[5] D&F CLT 038.

[6] D&F CLT 041.

[7] D&F CLT 050.

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 2 of 11

6. Jurisdiction in this Court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3.[8]

## FACTUAL BACKGROUND

7. Melissa Kulik was pregnant with her fourth child and was 32 years old when she began receiving prenatal care at ANMC in May 2011.

8. At her first prenatal visit it was noted that she had a history of preeclampsia that required her to be induced at 37 weeks of pregnancy.

9. It was also noted that Ms. Kulik had a history of high blood pressure.

10. After this, Ms. Kulik returned to her home in Fairbanks. In August, she returned to Anchorage to attend the Dena A Coy Residential Treatment Program to ensure her continued

---

[8] This case involves care received at the Alaska Native Medical Center. It is likely that some if not all of the providers named were federal employees at the time of the care rendered to Ms. Kulik and their care is governed by the Federal Torts Claims Act ("FTCA"). A proper administrative Form 95 has been filed to toll the statute of limitations for the federal action. However, federal case law does not protect the state statute of limitations for any healthcare provider who is not an employee of the federal government under the FTCA. Since there is no way to ensure that the healthcare providers who provided care to Ms. Kulik were federal employees before the expiration of the state statute of limitations, this Complaint is necessary to require the United State Government to certify the status of each provider involved in her care.

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 3 of 11

sobriety from alcohol after the birth of her baby. Ms. Kulik transferred her prenatal care to ANMC at this time.

11. On August 29, 2011, Ms. Kulik started suffering from symptoms consistent with cholestasis. The prenatal clinic referred her to the Antenatal Clinic for bi-weekly visits involving fetal nonstress tests, biophysical profiles and amniotic fluid index.

12. During the month of September, Ms. Kulik was seen at the Antenatal Clinic, the High Risk Obstetrics Clinic, the L&D Observation/Procedure Unit, and the OB/GYN Support Clinic at ANMC. The medical records make it impossible to tell who actually saw Ms. Kulik versus who was consulted. Further, the medical records do not include full names of the providers and are often illegible signatures or partial names.

13. Throughout this period of time, Ms. Kulik's blood pressure was often very high. On several occasions, the providers took repeated blood pressures on the same visit in order to obtain a lower reading.

14. On September 25th, while dropping off a urine sample in the L&D Observation/Procedure Unit, Ms. Kulik complained of a bad headache with "flashes" in her periphery vision. She explained this happened the day before and that morning. She

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 4 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 4 of 11

also complained of lower extremity edema with one side being greater than the other side.

15. Neurological changes, edema and elevated blood pressure are symptoms of preeclampsia.

16. It appears that these complaints were either given to or considered by a nurse identified as T. Lees and Dr. Neil Murphy. There is a note that someone intended to await the results of the urine sample that Ms. Kulik had just dropped off. Her blood pressure was taken that day and was 153/90. These providers did not apparently follow up with Ms. Kulik on these symptoms.

17. On September 27th, Ms. Kulik was seen in the Antenatal Clinic. Her blood pressure on that day was 158/92. The healthcare providers who saw her that day appear to be Gail Surrena and someone with the initial B.

18. On September 30th, Ms. Kulik was seen in three different areas of prenatal care: the OB/GYN Support Clinic, the Antenatal Clinic, and the High Risk Obstetrics Clinic. None of those visits followed up on her previous neurological complaints or complaints of swelling. None mentioned ruling out preeclampsia.

19. At the High Risk Obstetrics Clinic visit Ms. Kulik complained of pain travelling up her spinal column to the base

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 5 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 5 of 11

of her neck causing involuntary movement of her head lasting for 90 seconds, with the neck then feeling rubbery. The only follow up was with Dr. Garnett concerning "back spasms," even though Ms. Kulik did not complain of back spasms. The note indicates no "intervention now watch." But, Ms. Kulik did not have another clinical appointment until October 7th. Ms. Kulik was scheduled on October 3rd to go to the Antenatal Clinic. There was no repeat urine test on September 30th.

20. It appears these complaints were communicated to Bethany Berry, and Ms. Berry discussed them with Dr. Garnett.

21. Ms. Kulik was seen on October 3rd at the Antenatal Clinic. There is an electronic Inpatient Progress Note signed by Gail Surrena. During that visit, no one took Ms. Kulik's blood pressure or inquired about her neurological symptoms.

22. Ms. Kulik suffered a cerebral vascular accident involving an intracranial hemorrhage on October 5th. She was 36 weeks gestation. Ms. Kulik's undiagnosed and untreated preeclampsia led to her stroke, which left her with permanent brain damage and physical deficits.

## COUNT I

Plaintiff re-alleges paragraphs 1 through 22 as if fully set forth herein, and further alleges as follows:

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 6 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 6 of 11

23. Defendant George Gilson, M.D. owed a duty to Plaintiff Melissa Kulik to assess, diagnose and treat her condition of preeclampsia with the degree of care and/or knowledge or skill possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics.

24. Defendant Dr. Gilson either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics and acted in a negligent and/or reckless manner in his prenatal care provided to Ms. Kulik as described above.

25. As a direct and proximate result of the negligent and/or reckless act and/or acts of Dr. Gilson, Ms. Kulik suffered severe and permanent injuries, past and future pain and suffering, future medical and life care expenses, and future wage losses.

### COUNT II

Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein, and further alleges as follows:

26. Defendant Neil Murphy, M.D. owed a duty to Plaintiff Melissa Kulik to assess, diagnose and treat her condition of preeclampsia with the degree of care and/or knowledge or skill

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 7 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 7 of 11

possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics.

27. Defendant Dr. Murphy either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics and acted in a negligent and/or reckless manner in his prenatal care provided to Ms. Kulik as described above.

28. As a direct and proximate result of the negligent and/or reckless act and/or acts of Dr. Murphy, Ms. Kulik suffered severe and permanent injuries, past and future pain and suffering, future medical and life care expenses, and future wage losses.

## COUNT III

Plaintiff re-alleges paragraphs 1 through 28 as if fully set forth herein, and further alleges as follows:

29. Defendant Benjamin Garnett, M.D. owed a duty to Plaintiff Melissa Kulik to assess, diagnose and treat her condition of preeclampsia with the degree of care and/or knowledge or skill possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics.

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 8 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 8 of 11

30. Defendant Dr. Garnett either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained or experienced in the field of obstetrics and acted in a negligent and/or reckless manner in his the prenatal care provided to Ms. Kulik as described above.

31. As a direct and proximate result of the negligent and/or reckless act and/or acts of Dr. Garnett, Ms. Kulik suffered severe and permanent injuries, past and future pain and suffering, future medical and life care expenses, and future wage losses.

### COUNT IV

Plaintiff re-alleges paragraphs 1 through 31 as if fully set forth herein, and further alleges as follows:

32. Defendants healthcare provider G, healthcare provider I. Anderson, healthcare provider Gail Surrena, healthcare provider D. Gilberm, CNM, healthcare provider Bonnie Jean Bishop Stark, CNM, healthcare provider B, healthcare provider BB, healthcare provider VH, healthcare provider T. Lees, RN, healthcare provider Bethany Berry, healthcare provider R. Chhong, and healthcare provider Nola Wernofsky owed a duty to Plaintiff Melissa Kulik to assess, diagnose and treat her condition of preeclampsia with the degree of care and/or

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 9 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 9 of 11

knowledge or skill possessed by or ordinarily exercised by nurses or healthcare providers trained or experienced in the field of obstetrics.

33. Defendants either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by nurses or healthcare providers trained or experienced in the field of obstetrics and acted in a negligent and/or reckless manner in the prenatal care provided to Ms. Kulik as described above.

34. As a direct and proximate result of the negligent and/or reckless act and/or acts of defendants, Ms. Kulik suffered severe and permanent injuries, past and future pain and suffering, future medical and life care expenses, and future wage losses.

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, compensation for future wage losses, future medical and life care expenses, past and future pain and suffering, and loss of chance of recovery;

2. For costs, attorney's fees, and pre-judgment interest; and

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 10 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 10 of 11

3. For such other and further relief as the Court deems just and proper.

DATED this 1⁶ day of September 2013, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Ray R. Brown, ABA No. 8206012
Margaret Simonian, ABA No. 9901001

Melissa Kulik v. George Gilson, M.D., et al.
Case No. 3AN-13-_____ CI
COMPLAINT
Page 11 of 11

Case 3:14-cv-00054-JWS   Document 1-1   Filed 03/21/14   Page 11 of 11